**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                                       **PLAINTIFF**

v.                              **CASE NO. 4:14-CR-00249-BSM**

**ALEX COLEMAN**                                                                          **DEFENDANT**

## ORDER

Alex Coleman's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. section 2255 ("2255 Mot.") [Doc. Nos. 260, 271] is denied, and his first 2255 motion [Doc. No. 232] is denied as moot.

### I. BACKGROUND

Coleman was convicted by a jury on eight counts of an indictment. Doc. Nos. 99, 140. He was sentenced to 181 months of imprisonment: 121 months on seven counts, to be served concurrently, and 60 months on the remaining count, to be served consecutively to the others. Doc. No. 173.

### II. LEGAL STANDARD

A prisoner in custody for a federal sentence may petition the sentencing court to vacate, set aside, or correct the sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief is reserved for "transgressions of constitutional rights and for a narrow range of injuries that could not have

been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Ineffective assistance of counsel claims are a common basis for section 2255 petitions, and they are governed by the performance and prejudice standards articulated by *Strickland v. Washington*, 466 U.S. 668 (1984). *See Caban v. United States*, 281 F.3d 778, 781 (8th Cir. 2002). The petitioner must show that "his counsel's representation was deficient and that the deficient performance prejudiced [his] case." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quotation omitted). An ineffective assistance of counsel claim is very difficult to prove. *See id*.

### III. DISCUSSION

A. <u>Ineffective Assistance</u>

Coleman argues that his trial and appellate counsel were ineffective. Each of his arguments is addressed separately below.

*1. Selective Prosecution*

Coleman argues that counsel were ineffective for failing to argue that he was selectively prosecuted. 2255 Mot. at 4–8. He states that this argument is supported by the fact that he is black and all other parties involved in his case are white, and by the fact that he and one of the officers involved in his case were romantically involved with the same woman. *Id*. This claim is denied because nothing in the record supports Coleman's claim that he was selectively prosecuted. This is true because the record is devoid of anything

indicating that he was treated differently from similarly situated people. *See United States v. Aanerud*, 893 F.2d 956, 960 (8th Cir. 1990); *see also Thomas v. United States*, 951 F.2d 902, 904 (8th Cir. 1991) (prisoner's assertion that he was selectively prosecuted because he is black was insufficient, and counsel was not ineffective for refusing to raise meritless claims); *Charboneau v. United States*, 702 F.3d 1132, 1137 (8th Cir. 2013) (absent contrary evidence, assumption exists that appellate counsel's failure to raise claim was exercise of sound appellate strategy).

### 2. *Investigation*

Coleman argues that trial counsel was ineffective for failing to investigate a discrepancy in the amount of funds that was seized from his residence. In support of this argument, he claims there were two separate reports which differed in the amount of funds seized from his residence. 2255 Mot. at 9–10. He argues that, if counsel had investigated, he could have shown that there was foul play. *Id*. This argument fails because the record does not support Coleman's theory. *See Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997) (counsel's performance not deficient if he conducts adequate investigation of facts, considers viable theories, and develops evidence to support theories). It appears the discrepancy was due to clerical error. 2255 Mot. at 9; Sentencing Tr. at 19–20, Doc. No. 189.

### 3. *Witnesses*

Coleman argues that trial counsel was ineffective for failing to investigate Rebecca Caringola and Ashlee Phillips and to call them at trial because their testimony could have

undermined Officer Crowder's credibility. 2255 Mot. at 10–16. He argues that appellate counsel was ineffective for failing to raise the issue on appeal. Trial counsel's failure to call either woman as a witness, and appellate counsel's failure to raise this issue, did not make their performances deficient because counsel had little reason to believe the women would be helpful to Coleman's defense. *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989); *Charboneau*, 702 F.3d at 1137. Indeed, their presences might have hurt the defense because each woman had accused Coleman of domestic violence against her. 2255 Mot. at 3b.

### 4. Rehearing

Coleman argues that appellate counsel was ineffective for failing to seek a rehearing. The problem for Coleman is that counsel had no duty to seek a rehearing if there were no grounds justifying it. *See Williams v. Lockhart*, 772 F.2d 475, 480 (8th Cir. 1985); *see also United States v. Rosnow*, 981 F.2d 970, 972 (8th Cir. 1992) (courts reluctant to rehear appeal of conviction when issues were fairly briefed and argued with reasonable competence). Coleman does not assert that the briefs were deficient. He argues that a rehearing was justified to present the theories he is now raising. 2255 Mot. at 16–19. The problem is that these arguments would have failed. *See Thomas*, 951 F.2d at 904. For this reason, counsel's performance was not deficient. *See Lockhart*, 772 F.2d at 480.

### B.  Jury Determination of Forfeitability of Funds

Coleman claims trial counsel coerced him into giving up his right to have the jury decide whether the funds seized from him were proceeds of his crimes. 2255 Mot. at 20–21.

Coleman, however, stated on the record that he was voluntarily forfeiting this right. *Id*. Ex. 4. Nothing in the record overcomes his statement that he acted voluntarily. *See Harvey v. United States*, 850 F.2d 388, 397 (8th Cir. 1988) (record reviewed for evidence which overcomes defendant's statement of voluntariness). This claim is therefore denied.

He also alleges that appellate counsel was ineffective for not raising this claim, but he provides no evidence to rebut the assumption that appellate counsel's failure to do so was exercise of a sound strategy. *See Charboneau*, 702 F.3d at 1137.

C. <u>Sentencing</u>

Coleman argues that he was denied counsel at sentencing because his motion to remove counsel was denied. 2255 Mot. at 19. Coleman was represented by counsel at sentencing. *Id*. He has not demonstrated that counsel's performance was so deficient that it rose to the level of constructive denial of counsel. *See Strickland*, 466 U.S. at 703, n.2. Thus, he was not denied counsel at sentencing.

He also alleges that appellate counsel was ineffective for failing to argue that he was denied counsel, but he provides no evidence to rebut the assumption that appellate counsel's failure to do so was exercise of a sound strategy. *See Charboneau*, 702 F.3d at 1137.

D. <u>Due Process</u>

Lastly, Coleman argues that he was denied due process at trial. Mot. Amend 2255 Mot. at 1–13, Doc. No. 271. Coleman has procedurally defaulted on this claim because he failed to raise it on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir.

2001). He may not bring this claim now because he does not demonstrate cause for his default, and prejudice or actual innocence. *See id*.

## IV. CONCLUSION

For the foregoing reasons, Coleman's amended 2255 motion [Doc. Nos. 260, 271] is denied, and his first 2255 motion [Doc. No. 232] is denied as moot.

IT IS SO ORDERED this 24th day of July, 2020.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE